STATE OF NEBRASKA, APPELLEE, V. GARY A. REIN, APPELLANT.
453 N.W.2d 114

Filed March 30, 1990.   No. 89-406.

David E. Veath for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Per Curiam.

After a trial to the county court on stipulated facts, the defendant, Gary A. Rein, was found guilty of driving while under the influence of alcoholic liquor, second offense. The defendant was sentenced to 48 hours in the county jail, fined $500 plus court costs, suspended from driving for 6 months, and ordered to obtain alcohol counseling. Upon appeal to the district court, the judgment was affirmed.

The defendant has appealed to this court and contends that his arrest was the result of an illegal stop and that his motion to suppress the evidence obtained as a result of the illegal stop should have been sustained.

On March 31, 1988, at approximately 10:45 p.m., Officer DaMoude of the Chadron Police Department, while on routine patrol, saw two vehicles leave U.S. Highway 20 on the west edge of Chadron, Nebraska, and enter the frontage road which leads to several businesses in the area. All of the businesses were closed. He started checking the buildings with his spotlight to see if everything was in order and to see if the two vehicles which he had observed were in the area. When he got to Solar Motors, he saw the defendant's truck parked with other vehicles in the lot, with its lights turned off. At that time Officer DaMoude did not know where the second vehicle that had turned off Highway 20 was located, where its driver was, what its driver was doing, or whether there was any relationship between the defendant and the other vehicle. He saw the defendant, who was sitting in the truck, turn and look toward him, but the officer did not recognize the defendant at that time. The officer then saw the lights on the pickup truck come on and the defendant back up and drive off.

After the defendant left the parking lot, the officer drove north around some vehicles on the lot and followed the pickup truck onto the highway, where he stopped the defendant's vehicle. He testified that he had decided to stop the pickup truck because there had been recent vandalism to buildings in town and he believed it was suspicious for the pickup truck to be

parked in the lot at that time of night, with all of the businesses closed.

Before the officer made the stop, he did not observe the defendant driving erratically. After stopping the defendant, the officer approached the defendant and recognized him as Rein. Officer DaMoude asked for the defendant's driver's license, registration, and proof of insurance and returned to his car to check them.

When the officer returned to the defendant's truck, he told the defendant he could smell the odor of alcohol on his person or coming from the vehicle and asked the defendant to perform some field sobriety tests. The officer determined that the defendant did not successfully perform the tests, so he then asked the defendant to take an Alco-Sensor breath test, which the defendant failed. The defendant was arrested and read the implied consent form. The defendant's blood alcohol content was found to be .131 percent.

The issue on appeal is whether the investigatory stop of the defendant's vehicle was illegal as a violation of the defendant's fourth amendment rights under the U.S. Constitution and of his rights under article I, § 7, of the Nebraska Constitution. At the hearing on the defendant's motion to suppress the evidence gained as a result of the stop, the court found the defendant's constitutional rights had not been violated and overruled the motion.

The facts of this case are similar to those in two recent decisions of this court.

In *State v. Kavanaugh*, 230 Neb. 889, 434 N.W.2d 36 (1989), the defendant was stopped while leaving his place of business at 1:20 a.m. and arrested for driving while under the influence of alcoholic liquor. It was foggy at the time of the stop, and the deputy sheriff did not recognize the defendant until after the defendant had been stopped. The deputy stopped the defendant's vehicle because businesses in that area had experienced burglaries and vandalism and he suspected that a burglary might have taken place at the defendant's business. This court found that "the evidence as to the totality of the circumstances was such that the trial court could conclude that the investigatory stop of the defendant's vehicle by Deputy

Walsh was justified," stating, "It is difficult to imagine what legitimate reason a stranger would have entering the defendant's premises at 1:20 a.m. on a foggy night when visibility was poor." *Id.* at 897-98, 434 N.W.2d at 41.

In *State v. Carter*, 232 Neb. 666, 441 N.W.2d 640 (1989), a sergeant of the Hall County Sheriff's Department, while on patrol of the airport area, saw a vehicle leave an office area at 12:15 a.m. No businesses were open in that area at that time, and there was no other traffic in the area at night. The officer decided to stop the vehicle because of the amount of burglaries in the area, although no burglaries had been reported in the area that night, and the last burglary had occurred 2 months before. After the vehicle had been stopped, the officer discovered that the defendant's license had been suspended and that he had failed to appear on a prior speeding charge. The defendant was then arrested. This court determined that "the defendant's automobile was stopped only because the sheriff's officer wanted to know what the vehicle was doing in the area" and that "[t]here was no particularized and objective basis for suspecting the defendant of criminal activity sufficient to justify an investigatory stop." *Id.* at 669, 441 N.W.2d at 642.

The test to determine whether an investigative stop is justified is whether the police officer has a reasonable suspicion based on articulable facts which indicate that a crime has occurred, is occurring, or is about to occur and that the suspect may be involved. *State v. Carter, supra*; *State v. Kavanaugh, supra*.

In *State v. Davis*, 104 N.J. 490, 504, 517 A.2d 859, 866-67 (1986), the court said: " 'The police would be derelict in their duties if they did not investigate' " circumstances which to an experienced police officer indicate that " 'something amiss might be taking place or is about to take place.' "

In this case the defendant testified that he had been bowling and drank "four to five glasses" of beer at the bowling alley. He said that he went to Solar Motors to pick up a loaner truck so that he could leave the truck which he was driving to be repaired. He did not explain why his truck was parked in the lot with the lights turned off or how he expected to pick up the loaner truck at 10:45 p.m. when the business was closed.

The circumstances in this case were such that Officer DaMoude was justified in stopping the defendant to identify him and ascertain why he had driven a truck with a foreign county license plate into the Solar Motors lot at 10:45 p.m., a time when the business was closed; had parked the truck in the lot, with the lights turned off; and then had waited until Officer DaMoude drove into the lot before driving away. Although there is no evidence that a crime had been committed at that time, the circumstances were such to suggest that a crime might have been committed or was about to be committed. An officer is not required to wait until a crime has occurred before making an investigatory stop. It is sufficient if there is an objective manifestation that the person stopped is, has been, or is about to be engaged in criminal activity. *State v. Ebberson*, 209 Neb. 41, 305 N.W.2d 904 (1981). The circumstances here justified an investigatory stop to find out who the defendant was and what he was doing parked in the Solar Motors lot with his lights turned off at 10:45 p.m. when all of the businesses in the area were closed. The circumstances permitted an inference that the defendant was hoping that by parking in the Solar Motors lot behind other vehicles, with his lights turned off, he would not be noticed or seen by Officer DaMoude. This is a circumstance that was not present in either the *Kavanaugh* or *Carter* case.

The judgment is affirmed.

AFFIRMED.

WHITE, J., dissenting.

As I am unable to reconcile the opinion in this case with the holding in our recent case of *State v. Carter*, 232 Neb. 666, 441 N.W.2d 640 (1989), I dissent.

CAPORALE, J., joins in this dissent.

SHANAHAN, J., dissenting.

Nor can I; therefore, so do I. See *State v. Carter*, 232 Neb. 666, 441 N.W.2d 640 (1989). Cf. *State v. Kavanaugh*, 230 Neb. 889, 434 N.W.2d 36 (1989).